

## NUMBER 13-23-00235-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

TANYA ELAINE BANG,                                                                       Appellant,

v.

THE STATE OF TEXAS,                                                                      Appellee.

### On appeal from the 36th District Court
### of Aransas County, Texas.

## MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Benavides

Appellant Tanya Elaine Bang appeals from a judgment revoking her community supervision and sentencing her to two years in state jail for her underlying conviction of forgery of a financial instrument, a state jail felony. *See* TEX. PENAL CODE ANN. § 32.21(d). Bang's court-appointed appellate counsel has filed an *Anders* brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We

affirm the trial court's judgment as modified.

## I.   *ANDERS* **BRIEF**

Pursuant to *Anders v. California*, Bang's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court, stating that her review of the record yielded no grounds of reversible error upon which an appeal can be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), Bang's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Bang's counsel also informed this Court in writing that she: (1) notified Bang that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided Bang with copies of both pleadings; (3) informed Bang of her rights to file pro se responses, review the record prior to filing those responses, and seek discretionary review if we conclude that the appeal is frivolous; and (4) provided Bang with a copy of the record. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *Stafford*, 813

S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.

Bang filed a pro se response. When appellate counsel files an *Anders* brief and the appellant independently files a pro se response, the court of appeals has two choices:

> [i]t may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error. Or, it may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues.

*Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (internal citations omitted). We are "not required to review the merits of each claim raised in an *Anders* brief or a pro se response." *Id.* at 827. Rather, we must merely determine if there are any arguable grounds for appeal. *Id.* If we determine there are such arguable grounds, we must remand for appointment of new counsel. *Id.* Reviewing the merits raised in a pro se response would deprive an appellant of the meaningful assistance of counsel. *Id.*

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record, counsel's brief, and Bang's response, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

### III.    MODIFICATION OF JUDGMENT

We do note, however, that the trial court's judgment contains a clerical error. During sentencing, the trial court stated, "I will have this sentence run concurrent with the sentence[s] out of San Patricio County . . . ." However, the trial court's judgment recites, "THIS SENTENCE SHALL RUN CONCURRENT WITH: N/A." To the extent this judgment may be interpreted as improperly cumulating Bang's sentence in this case with "the sentence[s] out of San Patricio County," we have the power to remedy this error by reforming the judgment. *See Ex parte Carter*, 521 S.W.3d 344, 347 (Tex. Crim. App. 2017). Thus, we reform the judgment to reflect that Bang's sentence in this matter shall run concurrently with the sentences that were imposed in San Patricio County on April 25, 2023.[1]  *See id.*

### IV.    MOTION TO WITHDRAW

In accordance with *Anders*, Bang's counsel asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Bang and to advise her of her right to file a petition for

---

[1] This refers specifically to trial court cause numbers S-23-3024CR and S-23-3168CR.

discretionary review.[2]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at

412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

**V.  CONCLUSION**

We affirm the trial court's judgment as modified.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
30th day of November, 2023.

---

[2] No substitute counsel will be appointed. Should Bang wish to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. A petition for discretionary review must be filed with the Clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.